**BLACK, STARR & FROST–GORHAM, Inc., v. UNITED STATES.**

No. 44282.

Court of Claims.

June 2, 1941.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The question presented is whether retail sales by plaintiff subsequent to June 20, 1932, of articles of jewelry acquired by it on that date from a predecessor corporation should, for tax purposes, be regarded as sales by the manufacturer and taxable under the provisions of sections 605 and 609 of Title IV of the Revenue Acts of 1932 and 1934, respectively, 26 U.S.C.A. Int.Rev.Acts, pages 609, 786. If it should be held that plaintiff is entitled to recover the excise tax collected, the further question is presented whether upon the facts disclosed by the record it is entitled to refund thereof under the provisions of section 621 (d) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 621, which provides that no overpayment shall be refunded unless it is established that the tax was not included in the price of the article with respect to which it was imposed, or that the amount of such tax was collected from the vendee.

Section 605 of the Revenue Act of 1932, which became effective June 21 of that year, imposed a tax upon certain articles of jewelry sold by the manufacturer, producer, or importer equivalent to 10% of the price at which sold. Prior to June 20, 1932, Black, Starr & Frost-Gorham,. Inc., had been a manufacturer and retailer of jewelry and related articles. The tax imposed by statute would attach to all jewelry sold by the corporation on June 21 and thereafter which had been manufactured, produced, or imported by it. With the view of escaping payment of the tax, the existing corporation decided to form a new corporation having the same functions and powers as the old to which the merchandise inventory of the old corporation would be transferred. It was thought that by this method all sales made by the new corporation, the plaintiff herein, of jewelry obtained from the old corporation would not be taxable for the reason that the sales would not then be made by the manufacturer, producer, or importer of the articles sold.

Plaintiff was incorporated and organized on June 20, 1932, with the same name as the old corporation, by reason of the goodwill attaching thereto, and on the same day the name of the old corporation was changed to "594 Fifth Avenue Cor-

R. M. O'Hara, of Detroit, Mich., for plaintiff.

S. E. Blackham, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

poration." Simultaneously with the creation of the new corporation and the change of the name of the old corporation, the merchandise inventory of the old corporation was transferred to the new corporation. The old corporation owned all the stock of plaintiff until its dissolution October 18, 1932, at which time the stock of plaintiff became the property of The Gorham Store, Inc., which had owned all the stock of the old corporation. Plaintiff carried on the business at the same place with the same officers and the same employees, generally, as the old corporation. The only change made was the opening of a new set of books in which to record its business transactions. In these circumstances, we are of opinion that while plaintiff was and is a separate legal entity from the old corporation of Black, Starr & Frost-Gorham, Inc., and 594 Fifth Avenue Corporation, it was for tax purposes, as well as all practical purposes and matters of substance, the same corporation. Whatever change took place was only a change in form, rather than in substance. The facts show that the welfare of the business by the avoidance of the excise tax was the motivating cause for the organization of plaintiff corporation, and it is well established that transactions of this kind must be scrutinized with great care to ascertain whether, in substance, they are actually what they purport to be in form.

In Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 357, 84 L.Ed. 406, the Supreme Court said: "In the Commonwealth Improvement Company case [Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399], the taxpayer, for reasons satisfactory to itself voluntarily had chosen to employ the corporation in its operations. A taxpayer is free to adopt such organization for his affairs as he may choose and having elected to do some business as a corporation, he must accept the tax disadvantages.

"On the other hand, the Government may not be required to acquiesce in the taxpayer's election of that form for doing business which is most advantageous to him. The Government may look at actualities and upon determination that the form employed for doing business or carrying out the challenged tax event is unreal or a sham may sustain or disregard the effect of the fiction as best serves the purposes of the tax statute. To hold otherwise would permit the schemes of taxpayers to supersede legislation in the determination of the time and manner of taxation. It is command of income and its benefits which marks the real owner of property."

Aside from being relieved of the burden of paying the excise tax, the creation of plaintiff corporation had no other legitimate business purpose. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355. The rule announced in Higgins v. Smith, supra, was applied in Mehrlust v. Higgins, 2 Cir., 112 F.2d 717, in a case very similar, on its facts, to the case at bar. In that case the plaintiff (an individual) was confronted with the possible effects of section 605 of the Revenue Act of 1932 and organized a corporation. The court disregarded the corporation as a separate entity and sustained the collection of the excise tax from Mehrlust, the creator and sole stockholder of the corporation. Upon the facts in this case, we think the rule is applicable here and we are of opinion that while the plaintiff and its predecessor were separate legal entities, they were in fact, for all practical purposes, merged, and the tax was properly assessed and collected on the prices at which sales were made to the public of taxable articles which had been manufactured by Black, Starr & Frost-Gorham, Inc., the predecessor corporation.

In any event judgment could not be entered for the reason that the record does not disclose the fact that the amount of the tax was not passed on in the price at which the taxable articles were sold to the public. The petition must be dismissed. It is so ordered.